### DANIEL SULLIVAN *vs.* HADLEY COMPANY.

Hampden.    September 26, 1893. — October 21, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & LATHROP, JJ.

*Wages — Trustee Process — Payment to Defendant of Sum reserved by Trustee under Statute.*

Where wages due for the personal labor of the defendant are attached by trustee process, the sum of ten dollars reserved by the trustee, under Pub. Sts. c. 183, § 30, is payable to the defendant, notwithstanding the pendency of the trustee process.

CONTRACT, upon an account annexed, for twenty dollars. The case was submitted to the Superior Court, and, after judgment for the plaintiff in the sum of ten dollars and costs, to this court, on appeal, upon agreed facts, in substance as follows.

The plaintiff's claim was for wages earned in the defendant's employ in June, 1892, previously to the time of demand and suit brought.  The writ was dated June 30, 1892, returnable to the Police Court of Holyoke on July 11, 1892.  The plaintiff was paid weekly by the defendant.  At the time the plaintiff commenced his action, ten dollars was due and payable to him for his personal labor and services in the employ of the defendant, which he had duly demanded, and for which the defendant would be liable to him, unless the following facts constitute a defence to

such payment.   On· June 16, 1892, which was the day on which the plaintiff's wages fell due, and before he had demanded the same, the defendant had been trusteed in a suit brought by Felix J. Clostier against the plaintiff in this case, returnable to and entered in the Holyoke Police Court on July 11, 1892, and claimed to hold said ten dollars, together with other earnings of the plaintiff, by virtue of said process, until a decision had been rendered by the court to which the latter suit was returnable, or the suit was otherwise disposed of.

It was not disputed that the ten dollars claimed should be reserved by the trustee, under Pub. Sts. c. 183, § 30, and could not be taken by the trustee process; but the defendant contended that, by reason of said process, it was not obliged to pay the ten dollars, or any part thereof, to the plaintiff, until a decision had been rendered in the court to which the writ was returnable, or the trustee had been otherwise released.

If the defendant, under these facts, was under legal obligation to pay to the plaintiff the ten dollars when demanded, judgment was to be entered for the plaintiff for ten dollars and costs; otherwise, for the defendant.

*A. L. Green*, for the defendant.

*E. W. Chapin*, for the plaintiff.

FIELD, C. J.   The meaning of Pub. Sts. c. 183, § 30, we think, is that when wages for the personal labor and services of a defendant are attached on a demand other than for necessaries furnished to him or his family, a sum not exceeding twenty dollars shall be exempt from attachment; and when such wages are attached on a demand for such necessaries, a sum not exceeding ten dollars shall be exempt from attachment.   These sums are to be reserved in the hands of the trustees, and are ultimately to be paid to the defendant in trustee process to whom they are due.   The sum not exceeding ten dollars, if due for such wages, is payable notwithstanding the pendency of the trustee process, because in no event can this sum be subject to attachment.   We are not called upon in the present case to decide whether a sum not exceeding twenty dollars becomes payable before the termination of the trustee process, when it does not appear from the pleadings in that suit that it is for necessaries furnished to the defendant or his family.   It may be argued that it cannot cer-

tainly be known whether the trustee process is brought on a demand for such necessaries until it is determined in that suit. Whether this is so or not, the argument does not affect the present case. See *Hall* v. *Hartwell*, 142 Mass. 447.

*Judgment for the plaintiff affirmed.*