### LOUIS CHOQUETTE *vs.* LLEWELLYN G. FORD & another & trustee.

Hampden.     October 18, 1900. — February 27, 1901.

Present: HOLMES, C. J., KNOWLTON, MORTON, LATHROP, & HAMMOND, JJ.

Where a writ has been served by trustee process and judgment is entered against the defendant and the trustee, and the defendant appeals but the trustee does not, whether the question of charging the trustee is open to the defendant on his appeal, *quære.*

Where, in an action not for the price of necessaries, two successive services of a writ were made by trustee process upon the employer of the defendant as trustee, and the trustee had in his hands at the time of each service upon him a sum less than twenty dollars due the defendant as wages, and thereafter the plaintiff failed to enter his writ and brought a new writ for the same claim adding another defendant as copartner of the defendant in the first writ, and served it upon the same trustee, and it appeared that the trustee had still in his hands the wages previously attempted to be attached, which in all exceeded the sum of twenty dollars, and nothing appeared to show want of good faith on the part of the plaintiff in abandoning his first action and bringing another against the two defendants, it was *held*, that the defendant's wages in the hands of the trustee in excess of twenty dollars were not exempt from attachment, the plaintiff being in the same position as if the new action had been brought by a third party.

CONTRACT, originally brought in the Police Court of Holyoke, on an account annexed for $12.94 against two defendants as copartners, doing business under the style of Ford Brothers, and the Deane Steam Pump Company as trustee. Writ dated May 12, 1899.

The trustee added to its answer the following statement: " Said L. G. Ford was last paid by it [the trustee] before said May 12th on April 14, 1899; that there were two services upon it as trustee made previous to said May 12th and subsequent to

said last payment of April 14, 1899, on a writ other than the one on which service was made on said May 12th, but in which said Louis Choquette was plaintiff and said L. G. Ford a defendant; that said other writ was dated April 21, 1899, and returnable to this court May 20, 1899; that the first service of said other writ was made on April 21, 1899, at which time there was due to said Ford as wages earned in its employ $13.35; that the second service of said other writ was made on May 5, 1899, at which time there was due to said Ford as wages earned in its employ $12.60 in addition to the $13.35 aforesaid; that nothing was paid to said Ford as an exemption or otherwise after said first service, made on April 21, 1899, and before the service of May 12, 1899; that nothing was paid to said Ford as an exemption or otherwise after said service of May 12, 1899, and before its answer as trustee."

The case came on appeal to the Superior Court, in which the following agreed statement was filed: "It is agreed that the claim declared on is not one for the necessaries of life and also that there were three services made upon the Deane Steam Pump Company, the trustee named in said writ; that the writ upon which the first two services were made was never entered."

The Superior Court gave judgment charging the trustee on its answer, and entering judgment for the plaintiff against the defendants and the trustee. The defendants appealed.

*F. F. Bennett*, for the defendants.

*J. O'Shea*, for the plaintiff.

MORTON, J. The question in this case relates to the trustee. It was charged in the Superior Court on its answer and judgment was entered against the defendants and it. The defendants appealed but the trustee did not. The only question which has been argued is whether the trustee should have been charged. We assume without deciding that the defendants can raise that question on their appeal. It is agreed and the declaration apparently shows that the plaintiff's claim is not for necessaries.

It appeared that previous to the writ in suit another writ had been sued out by the plaintiff in which the defendant Llewellyn G. Ford was the sole defendant. This writ was dated April 21 and was returnable May 20 before the Police Court of Holyoke. It was served on the trustee April 21, at which time

there was due said Ford from the trustee as wages $13.35. It was served again on the trustee May 5, on which date there was due Ford from the trustee the additional sum of $12.60 for wages. Nothing was paid Ford by the trustee as an exemption or otherwise after the first service. This writ was never entered. On May 12 the writ in the present action was brought against the aforesaid Llewellyn G. Ford and one William Ford, described as late copartners under the style of Ford Brothers. This writ was served on the trustee on May 12 and was duly entered and is the one to which the trustee appeared and answered. There is nothing to show, except as it may be inferred from the facts above stated, that the second writ was brought and the first abandoned otherwise than in good faith. We cannot infer abuse of process from the mere fact that the first writ was not entered. There may have been good reasons for not entering it and for bringing the second writ in the form in which it was brought.

The defendants contend that the wages were exempt from attachment on the writ in the present action. No doubt the trustee could have paid to Ford what was due him at each service on it of the first writ and would have been protected in so doing. Pub. Sts. c. 183, § 30. *Hall* v. *Hartwell*, 142 Mass. 447. *Sullivan* v. *Hadley Co.* 160 Mass. 32.

No doubt also if the first writ had been entered Ford would have been entitled to the benefit of the exemption at each service. *Hall* v. *Hartwell* and *Sullivan* v. *Hadley Co.*, *ubi supra*. But this is not one of those cases.

We cannot doubt that if some other person than the plaintiff had brought the present writ Ford would not have been entitled to exemption on account of the two services on the first writ. And where there is nothing to show that the abandonment of the first writ and the bringing of the second writ in which an additional party is included as defendant was not in good faith, we do not see why the plaintiff should be in any worse position than a third party would be. In the case of *McNally* v. *Wilkinson*, 20 R. I. 315, relied on by the defendants, the court evidently was satisfied that there had been an abuse of process. The second writ in that case was brought by the same plaintiff as in the first writ and against the same defendant and trustee. In this case there was joined as defendant in the second writ another

party with the defendant in the first writ, and we cannot say, as already observed, that there may not have been good reasons for the course that was taken.

*Judgment affirmed.*