### EDWARD BRADY *vs.* GEORGE H. ROYCE.

Suffolk.  January 7, 1902. — February 28, 1902.

Present: HOLMES, C. J., LATHROP, BARKER, HAMMOND, & LORING, JJ.

*Attachment,* Validity.

When an officer attaches money belonging to the person meant to be sued but wrongly named in the writ, and to correct the mistake a new writ is sued out on the same claim in which the defendant is named rightly, the officer acting in good faith may attach the money of the defendant already in his hands without first returning it.

CONTRACT or TORT against a constable to recover $420.55 and interest for money taken from the plaintiff under alleged unlawful attachments. Writ in the Municipal Court of the City of Boston dated September 17, 1900.

On appeal to the Superior Court the case was tried before *Aiken,* J., without a jury. The following facts appeared in evidence:

The defendant was a constable of the city of Boston, qualified to serve civil process. Two writs were placed in his hands for service, which issued out of the Municipal Court of the City of Boston, under date of June 26, 1900, and were returnable to that court July 28, 1900. The *ad damnum* in each of the writs was $300. The plaintiff in one of the writs was one Kellen, and in the other one Ward. The defendant named in both of the writs was "William F. Dever, of Medford, doing business under the firm name of Wm. F. Dever & Co."

On June 29, 1900, the defendant went to the plaintiff's place of business and having exhibited the writs to the plaintiff placed a keeper in his office, and later attached and took away with him $300 upon one writ and $120.55 upon the other, making the sum of $420.55, the amount for which suit was brought. The money attached was the property of the plaintiff, and the defendant was informed of this fact at the time of taking the money.

It appeared that William F. Dever had formerly carried on at the same place the same business then carried on by the plaintiff, but that at the time of the attachment Dever had no interest in the business, the plaintiff having acquired the business from him on January 2, 1900. It also appeared, that at the time of the attachment, the business was carried on by the plaintiff under the firm name of "Wm. F. Dever & Co.," and that name appeared in large letters upon the windows and door of the office where the business was carried on. The name also was printed upon the bill heads used by the plaintiff, and the name was the only one with which the public in the transaction of business would be likely to become acquainted, although the plaintiff's contracts for wires and his lease were signed in his own name. So far as known, Dever was in Colorado at the time of the attachments.

It appeared, that the defendant, after making the attachments and taking away the money, informed the attorney for Kellen and Ward that the plaintiff had stated, that Dever had no interest in the business, and that thereupon on the same day two new writs were placed in his hands for service, wherein the same parties were named as plaintiffs and "William F. Dever, of Medford, and J. T. Brady, doing business under the firm name

of Wm. F. Dever & Co." were named as defendants.   There-
upon he was instructed to proceed no further upon the first two
writs, but to discharge the attachments.   The new writs were
issued by the Municipal Court of the City of Boston, dated June
29, 1900, and returnable to that court July 28, 1900, and were
returned and entered in that court and were pending therein at
the time of the trial.   Without returning the money to the plain-
tiff, the defendant by virtue of the new writs again attached the
money in his own hands on the same day that the first attach-
ment was made.

The new writs having been entered in court, the defendant
Dever appeared " specially," but filed no answer, and the de-
fendant Brady appeared and filed for answer a general denial in
both cases, no plea in abatement for misnomer having been filed.
Before the trial in this case, the new writs were amended by
substituting the name of Edward Brady for J. T. Brady.

The first writs, upon which the money was originally attached,
were never entered in court, but the defendant testified that he
took them to the office of the clerk of the court and placed
them among the non-entries.   The clerk testified that at the
request of the defendant some two weeks before the trial, he
searched through the non-entries for the first two writs and was
unable to find them.

It appeared that the plaintiff sometime in the summer of
1900, after the attachment made a demand upon the defendant
for the money.

At the trial the defendant put in evidence the new writs, then
pending in the municipal court, the declarations and answers in
those actions, and the returns of the officer indorsed upon the
writs.   To the admission of this evidence the plaintiff excepted.

Evidence was admitted to show, and the judge found, that the
first two writs were brought for the same cause of action as the
last two, and that all four of the writs were sued out with
the intention of enforcing certain claims arising out of business
transactions with the plaintiff, carrying on business under the
firm name of " Wm. F. Dever & Co."   To the admission of this
evidence the plaintiff excepted.

At the close of the evidence, the defendant requested the
judge to instruct the plaintiff to elect upon which form of action

and upon what count in his declaration he would rely, and the plaintiff elected to rely upon his count in contract for money had and received. The defendant then requested the judge to rule, that as an action of contract the action could not be maintained, and the judge so ruled. The plaintiff requested the judge to rule that upon all the evidence the plaintiff was entitled to recover. The judge refused so to rule, and found for the defendant; and the plaintiff alleged exceptions.

*W. P. Foster*, for the plaintiff.

*S. W. Wagner*, for the defendant.

HAMMOND, J. The judge before whom this case was tried without a jury may well have found upon the evidence that the first attachments were not made for the purpose of enabling the last to be made, and were abandoned simply because the plaintiff did not have in the writs the right name of the defendant, that the last attachments were made on writs issued for the purpose of correcting the mistake, and that in all this the plaintiff and the officer acted without fraud and in good faith. If he so found, then the last attachments were valid; even if the property was not returned to the owner before they were made. *Gile* v. *Devens*, 11 Cush. 59. *Wiggin* v. *Atkins*, 136 Mass. 292. *Choquette* v. *Ford*, 178 Mass. 6.

The case is easily distinguishable from *Ilsley* v. *Nichols*, 12 Pick. 270, and similar cases upon which the plaintiff relies.

If the last attachments were valid, then, since the actions in which they were made were still pending at the time of the issuing of the writ in this present action, neither of the counts in contract can be maintained.

Since the plaintiff has not argued upon his brief the exceptions as to the admission of evidence, in view of their nature we consider them waived.

*Exceptions overruled.*