JACOB F. BROWN & others *vs.* FLOERSHEIM MERCANTILE
COMPANY & trustees.

SAME *vs.* FLOERSHEIM MERCANTILE COMPANY & others.

Suffolk.    March 11, 1910. — September 6, 1910.

Present: KNOWLTON, C. J., MORTON, LORING, BRALEY, & RUGG, JJ.

*Trustee Process*, What are " goods, effects or credits." *Equity Jurisdiction*, To reach and apply property not attachable at law. *Broker. Sale. Words*, " Goods, effects or credits."

A wool broker, who has received on account of his principal, residing in a distant city, a non-negotiable bill of lading of wool which has been consigned to the broker, but who, although he has been notified by the carrier of the fact that the wool has arrived on a wharf in the city where the broker does business, has not taken possession thereof, neither at common law nor under the provision of the sales act, St. 1908, c. 237, has in his possession " goods, effects or credits " of his principal, so that under R. L. c. 189, § 19, he can be adjudged a trustee in an action by trustee process against his principal.

Where, in a suit in equity against a New Mexico corporation, which had no place of business in this Commonwealth, and which was the owner of certain wool, and its broker in Boston, to reach and apply under R. L. c. 159, § 3, cl. 7, in satisfaction of a debt alleged to be due to the plaintiff, property which, it was alleged, could not be reached to be attached or taken on execution in an action at law, it appears that the defendant corporation has not been served with process and that the only property of the debtor in the control of the broker at the time of the bringing of the suit was a certain quantity of wool, the suit should be dismissed, since such property could be reached to be attached by trustee process in an action at law.

CONTRACT by trustee process against the Floersheim Mercantile Company, alleged to be a New Mexico corporation with a usual place of business in that State, and Richard J. Salter, James Hewins and Harry B. Thayer of Boston, copartners doing business under the name and style of Salter Brothers and Company, alleged trustees. Writ in the Municipal Court of the City of Boston dated August 25, 1909; also

BILL IN EQUITY, filed in the Superior Court on November 9, 1909, by the same plaintiffs against the corporation and partnership who were respectively defendant and alleged trustees in the action at law.

The defendant corporation was not served with process either in the action at law or in the suit in equity.

In the action at law, the trustees having been interrogated by the plaintiffs and having filed answers to the interrogatories,

motions to discharge the trustees and to dismiss the action were allowed in the municipal court. On appeal to the Superior Court, the same motions were heard by *Fessenden*, J. The facts shown by the answers of the alleged trustees to the interrogatories are stated in the opinion.

The plaintiffs requested the presiding judge to rule (1) that the bills of lading held by the alleged trustees at the time of service of the writ upon them were "goods, effects and credits" of the defendant within the meaning of R. L. c. 189, § 19; (2) that the alleged trustees were chargeable as trustees upon the facts as disclosed by their answers to interrogatories filed to them; (3) that the alleged trustees were chargeable for the value of the wool represented by the bills of lading which were in their possession at the time of the service of the writ upon them.

The presiding judge declined, *pro forma*, to give the rulings requested and, *pro forma*, discharged the trustees and dismissed the action; and the plaintiffs alleged exceptions.

The proceedings in the suit in equity are stated in the opinion. The hearing on the plea of the defendant partnership was before *Richardson*, J., who, as stated in the opinion, overruled the plea and reported the case with the evidence for determination by this court with the statement, "the question presented and argued before me, was whether Salter Brothers and Company should be held to have had, at the time of the service of the bill, to wit, November 14, 1909, property, rights or interests, of the principal defendant, — the Floersheim Mercantile Company, — in their hands or possession which should be taken and applied to the payment of the alleged claims of the plaintiffs against said principal defendant."

*W. A. Powers,* (*W. R. Sears* with him,) for the plaintiffs.

*E. A. Whitman,* for Salter Brothers and Company.

BRALEY, J. The first case is an action of contract brought by trustee process, and the principal question raised by the exceptions is, whether the order discharging the trustees upon their answers to the plaintiffs' interrogatories should be reversed. The answers, which must be taken as true, show that at the date of the service of the writ the alleged trustees, who were a firm of wool brokers, received on account of the principal defendant a non-negotiable bill of lading for a quantity of wool

consigned to them, to be sold on commission and the net proceeds remitted to it. *Corsiglia* v. *Burnham*, 189 Mass. 347. But, although notified by the carrier of its arrival, the alleged trustees had not taken actual possession, and the wool remained on the wharf. If negotiable, the bill of lading would have represented the property, and, upon receipt by the trustees, it would have been equivalent to an actual delivery of the wool itself. *Forbes* v. *Boston & Lowell Railroad*, 133 Mass. 154, 155, 156. The contract of shipment, however, being non-negotiable, did not control the right to receive the wool, and the carrier, who could have been summoned as trustee at any time before they assumed actual possession, would have been discharged by delivery to the consignees without the production of the bill of lading. *Adams* v. *Scott*, 104 Mass. 164, 167. *First National Bank of Cairo* v. *Crocker*, 111 Mass. 163. *Singer* v. *Merchants Despatch Transportation Co.* 191 Mass. 449, 454. See St. 1905, c. 324. The principal defendant, moreover, in whom title to the property remained until sold, could have ordered the wool reshipped or delivered to its vendee, if a sale had been made independently of the brokers. *Blanchard* v. *Page*, 8 Gray, 281, 285.

The sales act, upon which the plaintiffs rely, recognizes this distinction. A negotiable bill of lading is made a "document of title" which upon indorsement passes the property and operates as a direct delivery of the goods of which it is the symbol; *Gardner* v. *Howland*, 2 Pick. 599, 602, 603; *Stollenwerck* v. *Thacher*, 115 Mass. 224, 226; *Forbes* v. *Boston & Lowell Railroad*, 133 Mass. 154, 155; *Shaw* v. *Railroad Co.* 101 U. S. 557, 565; while, if unnegotiable, the bill of lading cannot be treated as negotiable and the indorsement confers upon the transferee no additional right. It does not control the possession of the goods, and there is no delivery. The transferee obtains only the title of the transferor, although by proper notice, where there are no intervening rights, he may require the carrier to hold possession of the property for him according to the terms of the bill. St. 1908, c. 237, §§ 31, 34. *Hallgarten* v. *Oldham*, 135 Mass. 1. See Williston on Sales, § 428, note 34. But it is not sufficient in an attachment of "goods, effects or credits" under R. L. c. 189, § 19, that the person who is

summoned as trustee has constructive possession of the property of the debtor which the plaintiff seeks to have applied in payment of the alleged debt. The property must be in the actual possession and control of the trustee when the writ is served, where it is held to respond to the final judgment and to be taken on execution. *Andrews* v. *Ludlow,* 5 Pick. 28, 31. *Hancock* v. *Colyer,* 99 Mass. 187. *Van Camp Hardware & Iron Co.* v. *Plimpton,* 174 Mass. 208, 211. The case at bar is to be distinguished from an attachment under § 20 of the distributive share of an heir in the hands of an administrator, where the attachment may be made as soon as the bond has been given and letters of administration issued. The lien of the attachment holds the interest of the debtor in all the personal estate, even if, when service is made on the trustee, it may not be in his actual possession. In legal contemplation, the interest of the distributee vests at the death of the intestate. *Mechanics' Savings Bank* v. *Waite,* 150 Mass. 234.

The alleged trustees were properly discharged, and as the court had no jurisdiction if the debt was established to enter judgment against the principal defendant, the motion to dismiss was rightly allowed.

In the bill in equity no service has been made on the defendant corporation, and it has not appeared to defend the suit. The plaintiffs in substance allege that the brokers, to whom for convenience we shall refer hereafter as the defendants, and who had been summoned as trustees in the action at law, hold the bills of lading, or have received the wool represented thereby, or disposed of it to warehousemen, from whom they have received and retained receipts therefor, and ask that by a sale either of the bills of lading and receipts, or of the wool which they represent, their debt may be ordered paid out of the proceeds. The defendants, instead of meeting the allegations of the bill by an answer, filed a plea presenting facts which they averred barred the suit. The plea not having been set down for argument, by which the plaintiffs would have admitted the truth of the facts while denying their sufficiency in law to prevent appropriate relief, they filed a replication, joining issue upon the averments. The trial judge, without making any specific findings or disclosing his reasons of decision, overruled the plea, and reported the case upon the evidence to this court. His conclusions upon

questions of fact should not be reversed unless clearly wrong, and we assume that upon the single question tried before him the evidence warranted a finding that at the date of service of the subpœna the defendants had in their possession or control property of the debtor. *Revere Water Co.* v. *Winthrop*, 192 Mass. 455, 459. The jurisdiction of the court, however, to entertain the bill depends upon whether, as stated in the fourth paragraph of the bill of complaint, the property disclosed by the evidence could be " readily attached or levied upon by ordinary process." R. L. c. 159, § 3, cl. 7. It is plain that the small amount of wool in their hands remaining unsold, and the payment afterwards received for a sale prior to the service, could have been attached and held by trustee process under R. L. c. 189, § 19. *Hooper* v. *Hills*, 9 Pick. 435, 440. *Hancock* v. *Colyer*, 103 Mass. 396. *Clark* v. *Williams*, 190 Mass. 219, 222. The plaintiffs, therefore, have mistaken their remedy, and while in the first case the exceptions must be overruled, in the second case the decree must be reversed, and the bill dismissed. *Emery* v. *Bidwell*, 140 Mass. 271, 275. *Hoshor-Platt Co.* v. *Miller*, 190 Mass. 285, 286. *So ordered.*