BOSTON SHERIDAN COMPANY *vs.* SHERIDAN MOTOR CAR COMPANY, INC., & another & trustee.

Suffolk. December 4, 5, 1922. — March 21, 1923.

Present: RUGG, C.J., CROSBY, PIERCE, & CARROLL, JJ.

*Trustee Process,* What are "goods, effects or credits." *Jurisdiction.*

In an action of contract or tort begun by writ in trustee process against a Massachusetts bank as alleged trustee, and, as a defendant, a foreign corporation upon which the writ had not been served and which appeared specially for the purpose of denying jurisdiction, it appeared from the trustee's answer and its answer to interrogatories that, at the time the writ was served upon it, it had in its possession an unaccepted negotiable draft drawn by the defendant upon the plaintiff and a negotiable bill of lading attached to the draft covering an automobile and tool kit, ownership of which draft and bill of lading was in the defendant. It did not appear from the answers of the trustee that the automobile and tool kit were in the trustee's possession or within the Commonwealth at that time. *Held,* that the trustee could not be charged and that the action against the defendant should be dismissed.

CONTRACT OR TORT, begun by writ in trustee process against Sheridan Motor Car Company, a corporation organized under the laws of Indiana, and General Motors Corporation, a cor-

poration organized under the laws of Delaware, defendants, and Massachusetts Trust Company, trustee.   Writ dated August 25, 1921.

An answer filed by the Massachusetts Trust Company, an amendment of the writ and other proceedings are described in the opinion.

In the Superior Court the action was heard by *Hammond*, J., upon motions to dismiss for want of jurisdiction, filed by the Sheridan Motor Car Company, Inc. and the General Motors Corporation, appearing specially for that purpose, and upon a motion to charge the trustee.   The judge allowed the motions to dismiss and denied the motion to charge the trustee.   The plaintiff appealed from the orders of the judge allowing the motion of the defendant Sheridan Motor Car Company, Inc., and refusing to charge the trustee.

*J. T. Pugh*, (*W. A. Kneeland* with him,) for the plaintiff.

*W. A. Rollins*, for the Sheridan Motor Car Company, Inc.

*H. H. Ham & H. R. Bygrave*, for the alleged trustee, submitted a brief.

CARROLL, J.   These are two appeals from orders of the Superior Court denying a motion to charge the Massachusetts Trust Company, summoned as trustee, and dismissing the case against the Sheridan Motor Car Company, Inc., a New York corporation.   The plaintiff brought its action at law by trustee process against the Sheridan Motor Car Company, a corporation duly organized under the laws of the State of Indiana.   The Massachusetts Trust Company was named as trustee of this defendant's goods, effects and credits.   The record does not show that personal service was made on this defendant or upon the trustee.   The trustee, however, appeared and answered that at the time of service upon it of the plaintiff's writ it had no goods, effects or credits of the defendant named in the writ; and in explanation of its answer, alleged that at the time of service it had in its possession certain drafts drawn by the Sheridan Motor Car Company upon the plaintiff; that none of the drafts except the first two were indorsed; that each draft had attached bills of lading covering automobiles and tool kits; then followed an enumeration of the drafts and bills of lading.   The answer also stated that there was no corporation by the name of Sheridan Motor Car

Company organized under the laws of Indiana; and that any ownership of drafts with bills of lading attached was in the Sheridan Motor Car Company, Inc., a New York corporation.

On the filing of the trustee's answer the plaintiff moved to amend its writ by adding after the name of the defendant corporation "the letters 'Inc.' and by striking out the word 'Indiana,' and substituting the words 'New York,' so that the description of the defendants . . . shall read: . . . 'Sheridan Motor Car Company, Inc., a corporation duly organized under the laws of the State of New York.'" No order of notice was issued but the amendment was allowed without prejudice to the rights of the trustee "as of this date." Interrogatories were then filed to the Massachusetts Trust Company. After the allowance of the amendment an order of notice to the Sheridan Motor Car Company, Inc., of New York was served by publication; it thereupon appeared specially, and its motion to dismiss for want of jurisdiction was allowed and the plaintiff's motion to charge the trustee was denied. The plaintiff appealed.

The negotiable bills of lading in possession of the Massachusetts Trust Company were not attached by the plaintiff's writ in trustee process; the trustee had no goods, effects or credits of the defendant in its possession which could be attached in law by trustee process and the court was right in refusing to charge the trustee.

G. L. c. 223, § 72, provides, that if goods are delivered to a carrier or bailee and a negotiable document of title is issued for them, they cannot be attached by trustee process unless the document be first surrendered to the bailee or its negotiation enjoined; and by G. L. c. 108, §§ 23, 24 and 25, a creditor whose debtor is the owner of a negotiable bill is given such aid of the court, by injunction or otherwise, in attaching the bill as is allowed at law or in equity with reference to property which cannot be attached or levied upon by ordinary legal process. By force of these statutes, a creditor may apply to a court of competent jurisdiction and enjoin the negotiation of a bill of lading. And a remedy is provided for such a creditor seeking to reach and apply the property of his debtor in satisfaction of his claim, when the debtor's property cannot be attached by a legal process. By G. L. c. 214, § 3, cl. 7, a creditor is authorized to proceed

in equity to reach and apply in payment of his debt property which could not be attached or taken on execution in an action at law.

The warehouseman statute, G. L. c. 105, § 31, gives a creditor such a remedy by injunction or otherwise in attaching a negotiable receipt as is allowed where property cannot be attached by ordinary legal process. By this statute it has been decided that a creditor must, in order to come into equity, prove the jurisdictional fact that "the debtor is the owner of negotiable receipts, as goods held under non-negotiable receipts are subject to attachment and execution under St. 1907, c. 582, § 43, cl. 3." *Stone Leather Co.* v. *Henry Boston & Sons, Ltd.* 234 Mass. 477, 480

In *Grant* v. *Shaw*, 16 Mass. 341, it was decided that a holder of a bill of lading and invoice of goods could not be charged as trustee of the consignor until in actual possession of the goods. "Until then it rested in contingency, whether he would be a debtor of the consignors or not. Had the goods been lost, he would have owed nothing; and had he refused the consignment, . . . the effect would have been the same." See also *Brown* v. *Floersheim Mercantile Co.* 206 Mass. 373, 375, 376, where in the course of the opinion it is said: "But it is not sufficient in an attachment of 'goods, effects or credits' under R. L. c. 189, § 19, that the person who is summoned as trustee has constructive possession of the property of the debtor. . . . The property must be in the actual possession and control of the trustee when the writ is served." The goods represented by the bill of lading were not attached by the plaintiff's writ; the trustee's answer and its answers to interrogatories, which must be taken to be true, G. L. c. 246, §§ 16, 17, do not disclose that the automobiles and tool kits were in its possession or within the Commonwealth.

Under the statutes of this Commonwealth the owner of a negotiable bill of lading cannot be charged as trustee in an action at law. Whatever remedy the creditor may have must be sought in equity to reach and apply the property in payment of his debt; he cannot proceed by attachment by trustee process in an action at law. In an action at law the negotiation of a bill of lading cannot be enjoined and its surrender cannot be compelled. See *Brown* v. *Floersheim Mercantile Co. supra.* Even if the drafts were accepted by the trustee they were not goods, effects and

credits of the defendants and could not be attached by trustee process. *Moors* v. *Goddard*, 147 Mass. 287, 292. *McCann* v. *Randall*, 147 Mass. 81, 86, 94. The trustee could not be charged in this action at law, and the denial of the plaintiff's motion to charge the Massachusetts Trust Company as trustee was proper.

As the Sheridan Motor Car Company of New York, a non-resident, was not served with process and appeared only specially for the purpose of contesting the jurisdiction of the court, no effective attachment of its property was made as required by statute. G. L. c. 227, § 1. The case against it, therefore, was dismissed properly for want of jurisdiction. The order allowing the motion dismissing the case against the Sheridan Motor Car Company of New York is affirmed, and the order denying the motion to charge the Massachusetts Trust Company as trustee is affirmed.

*So ordered.*