No. 3003 Northern Middlesex, ss.

MELVIN (William E. Ginsburg—S. Jason Ginsburg)
v. MONTGOMERY & TRUSTEE (John J. McLaughlin)

From the District Court of Newton—Weston, J.
Argued Nov. 10, 1941—Opinion filed Dec. 30, 1941

SULLIVAN, J. (Jones, P. J., and Pettingell, J.)—This action of contract was begun by trustee process against a non-resident defendant. The date of the writ was Nov. 29, 1940, returnable before the District Court of Newton on Dec. 28, 1940. There was no personal service made upon the defend-ant. The trustee answered "No Funds." The trustee sought to be discharged on motion made Feb. 3, 1941. The plaintiff obtained a special precept to attach the real estate of the de-fendant by an ex-parte motion filed by him on Feb. 1941 and thereafter on February 18, 1941, such attachment was made on the defendant's real estate in Middlesex County. The plaintiff on his ex-parte motion filed March 14, 1941, obtained a special precept to trustee funds of defendant and the trustee acknowledged funds in his hands of $125.00. This trustee is the same one as named in the original writ.

The plaintiff by a registered letter on Jan. 3, 1941, notified the defendant of the existing suit, which letter the defendant refused to accept and the same was returned to the former's attorney. A second similarly addressed and registered was refused acceptance and returned.

The following motion to dismiss was filed by the defendant. "Now comes the defendant in the above entitled action, with-out appearing in said action, or in anyway submitting to the jurisdiction of said Court or of said Commonwealth, and says as follows: The defendant, Irene D. Montgomery, is not an inhabitant of said Commonwealth; no service of process has been made within said Commonwealth; no effectual at-tachment of property of said defendant within said Common-wealth has been made upon the original writ in said action; and William R. Coleman, alleged Trustee, served with trustee process on Nov. 30, 1940 and Dec. 2, 1940 answered "No Funds; Wherefore said defendant moves that said action may be dismissed."

[ 70 ]

The motion was allowed as well as trustee's motion to discharge on his first answer.

The following requests of the plaintiff were denied:

"1. Action begun under Gen. Laws Ter. Ed. chapter 227 is not defeated for want of service on an out of town defendant.

3. Personal presence of the defendant is not necessary to validate the judgment against the property. What is necessary is that he be given notice of the action. *Cheshire National Bank* v. *Jaynes, supra,* at 17.

5. Due notice of suit is properly given in accordance with General Laws (Ter. Ed.) chapter 227, s. 10, as evidenced by a registered return certificate.

7. There is no basis or ground for a motion to dismiss this action brought by the defendant, and her motion should be denied and dismissed."

In denying such requests the trial judge, in the course of his findings, stated that the first, third and fifth was not complete or correct statements of law and of the seventh, that there was no effective attachment of the defendant's property in this jurisdiction, as the attachment by special precept after the entry of writ was not effective.

It is the contention of the plaintiff that his suit is based on G. L. (Ter. Ed.) c. 227, s. 1, and that the notice to the defendant is predicated on section 10 of said c. 227. Said chapter 227, section 1 provides that "A personal action shall not be maintained against a person not an inhabitant of the commonwealth unless he or his agent appointed under section five has been served with process in the commonwealth, or unless an effectual attachment of his property within the commonwealth has been made on the original writ, and in case of such attachment without such service, the judgment shall be valid only to secure the application of the property so attached to the satisfaction of the judgment."

The general rule established by statute as interpreted by decisions is that a valid attachment of goods, effects, or credits due to a non-resident defendant from a resident trustee gives jurisdiction to the court to render a judgment valid everywhere as against the property attached. *National Shawmut Bank* v. *Waterville,* 285 Mass. 252, 253, and cases cited.

See also *Cheshire National Bank* v. *Jaynes,* 224 Mass. 14; *Boston Sheridan Co.* v. *Sheridan Motor Car,* 244 Mass. 425; *Roberts* v. *Anheuser Busch Brewing Association,* 215 Mass. 341.

In the instant case no personal service was made on the defendant and no effectual attachment was made on the original writ. There was no authority under the statute for the allowance of the special precepts. Such attachments in the circumstances were unwarranted and of no avail.

Request No. 1 was rightly denied as a reference to the

[ 71 ]

chapter as a whole is not enough to call specific attention to a single section. In *Merchant's Co-operative Bank* v. *Pasquallacci,* 289 Mass. 339, 345, 346, and cases cited, a request of a somewhat similar nature was held to be contrary to Rule 27 of the District Courts (1940) as it requires specifications. There was no prejudicial error in denying the other requests as they are not correct or complete statements of law and not in point. A further reason for such denial may be found in the examination of the cases above set out in this opinion. The trustee's motion to discharge on his answer and the defendant's motion to dismiss were rightly allowed.

*Report dismissed.*