*Municipal Court of the City of Boston*
No. 348975
**PLYMOUTH ROCK TRANSPORTATION CORP.**
**v.**
**SALTMAN BROS. INC.**
**and**
**UNITED STATES TRUST COMPANY,**
**TRUSTEE**

(Jan. 18 — April 1, 1957)

*Present*: ADLOW, C. J., ROBERTS, SHAMON, JJ.

(This opinion has been abridged).

*Shamon, J.* This is an action of contract commenced by trustee writ dated July 8, 1952, returnable to the Municipal Court of the City of Boston, wherein the plaintiff seeks to recover $1,341.55 with accrued interest for transportation of goods for the defendant. No answer was filed by the defendant,

and by order of the court on March 28, 1956, it was defaulted for failure to appear and answer.

On July 9, 1952, at 1:16 p.m. the United States Trust Company was summoned as trustee of the defendant and it appeared and answered under oath, through C. B. Mitchell, its assistant treasurer, that "at the time of the service of the plaintiff's writ upon it, the said United States Trust Company had no goods, effects or credits belonging to the defendant in its possession."

Before the commencement of the present action on July 8, 1952, another action had been brought against the defendant by one Nathan H. Saltman by writ dated June 30, 1952, wherein the United States Trust Company was named as trustee and service was made upon it as such trustee of the defendant Saltman Bros. Inc., on July 1, 1952, July 2, 1952 and on July 3, 1952. At the time of the service of the trustee writ upon it in that action on July 2, 1952, the United States Trust Company had as the depository of the defendant, Saltman Bros. Inc., the sum of $658.42 and on July 21, 1952 the United States Trust Company was released as such trustee by agreement of the parties in said case and said sum of $658.42 was released to the plaintiff in that prior action, in which action no entry of the writ was made in court as the parties had reached an agreement before the return date and consequently no answer was filed by the trustee in court.

On October 21, 1954, the present plaintiff filed a set of nine interrogatories to the United States Trust Company, all of which were answered under oath. In answer to interrogatory two, it admits that the defendant did have a checking account with it during the period from June 30, 1952 to and including July 14, 1952. In its answer to interrogatory three "A" the trustee states that it did not have "any goods, effects or credits which were not subject to prior attachment" and on its answer to interrogatory three

"B", it states that it did not have "any goods, effects or credits which were subject to any prior attachment." In answer to interrogatory six, Exhibit "A" which reads: "Does the defendant's bank statement for the month of July, 1952 show a balance to the credit of the defendant on July 9, 1952 in the sum of $3,239.70," the trustee answered: "Yes, uncollected funds." In answer to interrogatory nine of Exhibit "A", which asks the trustee to "reconcile as fully as possible the amounts set forth in the defendant's bank statement attached to Exhibit "A" for the month of July, 1952," the trustee answered: "While the credit balance mentioned in interrogatory six is correct, the credit balance was conditional on the funds deposited to the defendant's credit being good, collected funds: as of the date of the attachment, however, the funds were not collected."

The bank statement referred to by the plaintiff was the July, 1952 statement of the defendant and on July 9, 1952 showed a credit balance of $3,239.70. It was this balance which the trustee said was "uncollected".

On December 22, 1955, the plaintiff filed further interrogatories to the United States Trust Company. The trustee answered that the sum of $661.42 charged against the defendant's account on July 21, 1952 was against collected funds and that it was charged under the prior attachment in the action of Nathan Saltman against the defendant. This was before the commencement of the present action and prior to the present attachment of July 9, 1952 and represents the sum of $658.42, plus a service charge of $3.00. The trustee in answer to a further interrogatory of the plaintiff set forth in detail the items included in deposit slip amounting to $2,576.26 on July 1, 1952; deposit slip amounting to $4,725.00 on July 2, 1952; deposit slip amounting to $1,950.52 on July 3, 1952, all of which are contained in the defendant's July, 1952 account. In answer to a further

interrogatory the trustee stated that the credit of July 21, 1952 of $658.42 was the result of the release by the plaintiff in a prior action of that amount under a prior attachment, which was paid over upon settlement of that case between the parties.

Thereafter, the plaintiff filed the following: "Allegations of Fact and Motion to Charge Trustee, United States Trust Company", in which the plaintiff recited the facts of the action of Nathan Saltman v. Saltman Bros. Inc., which was not entered in court and in which the trustee was discharged as such trustee, the sum of $658.42 being paid to the plaintiff in that case by agreement of the parties.

The allegations to charge the trustee further recited that as of June 30, 1952 the credit balance of the defendant's account showed a balance of $14,860.48 and that on July 1, 1952 a further deposit of $2,576.26 was made and thereafter another deposit of $4,725.00 was made on July 2, 1952. Thereafter the allegations of the plaintiff set forth that on July 3, 1952 a deposit of $1,950.52 was made; that from July 7, 1952 to July 9, 1952 withdrawals totalled the sum of $3,394.59 and that as the plaintiff alleges, there was in the trustee's possession at the time of the service upon it of the plaintiff's writ, a credit balance in excess of $2,400.00. That the trustee should thereby be charged in an amount to be determined by this court on the basis of the trustee's answers to interrogatories and on its answers and further answers to the plaintiff's further interrogatories.

In its answer to the plaintiff's "Allegation of Facts", the trustee admitted that "on June 30, 1952 the credit balance of the account of the defendant amounted to $14,860.48, but only insofar as this was a bookkeeping entry; that a portion of said funds had not been collected and that it had on said date a number of checks which due to proper banking methods are posted on the following day." The

trustee further answered "that the checks, which were credited to the defendant's account prior to July 7 and 8, 1952 were not available until July 7 and July 8, 1952 and that the calculations of the deposits of the plaintiff from July 2 through July 9 charges withdrawals for July 7, 8 and 9. That the real status of the defendant's account on July 9, 1952, at 1:16 p.m., when the trustee writ was served, would have to be determined by charging withdrawals from July 1 to July 9, a period during which the plaintiff has computed deposits."

Thereafter the plaintiff filed a "Motion to Charge Trustee", and prayed the court:

(1) to determine the amount of goods, effects and credits for which the trustee, the United States Trust Company, is chargeable in this action on the basis of its answers to interrogatories and its answers and further answers to further interrogatories propounded by the plaintiff and

(2) to charge the trustee, the United States Trust Company, on its answers to interrogatories and its further answers to plaintiff's further interrogatories.

The plaintiff also filed four requests for rulings of law. The trial judge denied all of them and denied its motion to charge the trustee.

The plaintiff claiming to be aggrieved by the denial of its motion to charge the trustee and by its denial of its requests for rulings, the trial judge reported the case to this Division.

In open court the plaintiff waived paragraph one and agreed that the motion be heard on paragraph two alone.

The plaintiff's requests for rulings of law follow:

1. If the trustee held funds due to the defendant absolutely and without contingency at the time plaintiff's writ was served upon it, then the trustee holds a "credit" subject to plaintiff's attachment, even though said funds were not neces-

sarily payable. G. L. c. 246, S 20; *Jordan v. Lavin,* 319 Mass. 362.

2. If the trustee held funds subject to a prior attachment at the time of the service of plaintiff's writ upon it, subsequent non-entry of the prior action discharges the funds as to the prior encumbrance only. *Choquette v. Ford,* 178 Mass. 6.

3. If the trustee held funds subject to a prior attachment at the time of the service of plaintiff's writ and the prior attachment was discharged by non-entry, then funds so held by the trustee remain in its control subject to plaintiff's rights as next attaching creditors. *Choquette v. Ford,* 178 Mass. 6.

4. If the attachment in the prior action was abandoned by non-entry and credit remained in the hands of the trustee subject to plaintiff's attachment, then plaintiff's attachment creates a lien on said fund superior to defendant's claim. *Brady v. Boyce,* 180 Mass. 553, 556.

■ The payment of the sum of $658.42 on July 21, 1952 to the plaintiff in the action of Nathan Saltman v. Saltman Bros., Inc., under which funds of the defendant were attached on July 1, 1952, July 2, 1952 and on July 3, 1952 was a proper payment by the United States Trust Company, as the funds then held by the trustee were not due to the defendant absolutely and without any contingency. The trustee was holding said amount pending a possible recovery by the plaintiff in that case.

■ The dissolution of that attachment did not give the present plaintiff any retroactive rights. *Willard v. Sheafe,* 4 Mass. 234, 235; *O'Brien v. Collins,* 124 Mass. 98, 99. In the most recent case on the effect of the dissolution of prior liens and attachments upon subsequent attachments, the court said, in *Abbot Lumber & Building Supply Co., Inc. v. Cushing Construction Co., Inc.,* 330 Mass. 182, "whether a trustee is chargeable depends upon the facts as they existed at the time the trustee process was served. If nothing is due from the trustee at that time 'absolutely and without any contingency,' G. L. c. 246 §32, *Fourth,* nothing is caught by the trustee

process. Subsequent events freeing money held by the trustee because of any contingency are not retroactive to the time of the service of the original trustee process or to the time of service of any successive attachments by special precepts." *Singarella v. Boston,* 330 Mass. 257. Attachment by trustee process is established and regulated by statute for holding the property of another against his will to answer for the debt due the plaintiff. *Barker v. Tabor,* 4 Mass. 81; *Zani v. Phandor Co.,* 281 Mass. 139, 148, 149. G. L. c. 246, §10 reads: "A person summoned as trustee in the Municipal Court of the City of Boston shall appear and file his answer within two days, after the return day of the writ, unless further time is allowed by the court. The answer shall disclose plainly, fully and particularly what goods, effects or credits, if any, of the defendant were in the hands or possession of the trustee when the writ was served upon him."

The trustee has complied with §10 of chapter 246 in filing all of its "answers under oath". G. L. c. 246, §12 provides for the examination of the trustee by written interrogatories, signed and sworn to by the one interrogated, or as in this case, by an officer of the corporation.

The plaintiff has fully availed itself of the provisions of §12 and secured in detail the status of the defendant's account by the trustee's filing of answers to further interrogatories.

Furthermore, the plaintiff not being content to accept the answers of the trustee in the several interlocutory motions filed by it, procured from the trustee further answers to "Allegations of Fact and Motion to Charge Trustee, United States Trust Company". In its answers to the latter, the trustee sets forth specifically further details supporting its answers to prior interlocutory motions filed by the plaintiff.

In all of its answers to the plaintiff's motion, the trustee has maintained under oath that it had no

attachable credits in its possession belonging to the defendant on the 9th of July, 1952, at 1:16 p.m.

The burden was on the plaintiff to show that the trustee was chargeable at the time of the service of the writ upon it. *Krogman v. Rice Brothers Co.*, 241 Mass. 295; *Cataldo v. Woodside*, 295 Mass. 586. If it cannot be proved affirmatively by the answers of the alleged trustee or by collateral proof that it is chargeable, then it should be discharged. *Porter v. Stevens*, 9 Cush. 530, 536.

The plaintiff was bound by the allegation of facts made by the trustee in its answers. *Cox v. Central Vermont Railroad*, 187 Mass. 596; *Seward v. Arms*, 145 Mass. 195; *Fay v. Sears*, 111 Mass. 154.

Under the provisions of G. L. c. 246, §16, the trustee could not contradict these allegations by evidence. §16 reads as follows: "The answer and statements of a trustee on oath shall be considered as true in determining how far he is chargeable." *Matthew Cummings Co. v. Grande*, 281 Mass. 546, 549; *Bickford v. Boston & Lowell RR.*, 21 Pick. 109, 111, 112; *Fay v. Sears*, 111 Mass. 154; *Workers' Credit Union v. Hannula*, 285 Mass. 159.

We conclude, therefore, that the only question before us is whether in the existing state of the record, the order of the court on the motion to charge the trustee was warranted. The only conclusion the trial judge could reasonably arrive at from the trustee's answers was that the defendant's funds were uncollected at the time of the attachment and that there were no funds under the control of the trustee attachable and payable absolutely. *Moors v. Goddard*, 147 Mass. 287; *Salem Elev. Works v. Com. of Banks*, 252 Mass. 366, 371; *Manufacturers' Bank v. Continental Bank*, 148 Mass. 553; *Freeman's Nat. Bank v. Nat. Tube Works*, 151 Mass. 413; *Boston Sheridan Co. v. Sheridan Motor Car Co.*, 244 Mass. 425; *Brown v. Floersheim Mercantile Co.*, 206 Mass. 374.

At the time the trial judge's order was entered

denying the plaintiff's motion to charge the trustee, the trustee's answers to the several interlocutory motions filed by the plaintiff disclosed no attachable funds. Nothing else was shown.

*Report dismissed.*

James G. Walsh, Jr., for the plaintiff.

I. J. Silverman, for the Trustee, United States Trust Company.