HOSHOR-PLATT COMPANY *vs.* WILLIAM L. MILLER & others.

Suffolk.     December 8, 1905. — January 20, 1906.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Equity Pleading and Practice*, Master's report. *Equity Jurisdiction*, To reach and apply equitable assets.

Exceptions to a master's report relating only to matters of fact cannot be considered unless the evidence is reported.

In a suit in equity under R. L. c. 159, § 3, cl. 7, to reach and apply equitable assets, if the alleged debtor in his answer sets up the defence that the other defendants have not in their hands any assets or securities in which the alleged debtor has an equitable interest that cannot be attached at law, and insists on this defence before a master, offering evidence to show that there is no such equitable interest to be reached, the exclusion of this evidence by the master is erroneous.

In a suit in equity under R. L. c. 159, § 3, cl. 7, to reach and apply equitable assets, if the alleged debtor sets up in his answer that the other defendants have not in their hands assets in which he has an equitable interest and offers evidence to prove this averment which is excluded, and if the plaintiff introduces no evidence on the subject, the defendant is entitled to a decree.

SHELDON, J. This is a bill in equity brought under R. L. c. 159, § 3, cl. 7, to establish an indebtedness of $3,849.90, claimed to be due from the defendant Miller to the plaintiff; and to reach and apply in payment thereof certain securities and assets alleged to be in the hands of the other defendants. Miller in his answer denies that he is indebted to the plaintiff as

alleged by it, sets up payment and a settlement with the defendant and a claim of recoupment, and denies that he has assets or securities in the hands of the other defendants which could not be reached at law. It does not appear whether process has been served upon the other defendants, or that they have filed any answers; but the bill has not been taken for confessed and no proceedings have been had against them. The bill was referred by the Superior Court to a master, and his report finds that the items of the plaintiff's demand were established, that a settlement claimed to have been made by Miller with one Flinn acting as an agent for the plaintiff is not binding upon it, but that Miller is entitled to certain credits and allowances, and that there is due to the plaintiff from him a balance of $1,449.90, beside interest thereon. The master also reported that during the progress of the hearing Miller, for the purpose of showing that the court had no jurisdiction in equity over the case, proposed to offer evidence that at the time the bill was brought he did not have any securities in the possession of the American Surety Company, one of the defendants, but that the master, by direction of the Superior Court, declined to take the evidence.

The defendant Miller alleged nineteen exceptions to the master's report, the last of which was to this refusal of the master. The Superior Court by an interlocutory decree overruled these exceptions and confirmed the master's report, and afterwards entered a final decree, which, without dealing with any of the other defendants, again overruled all exceptions, confirmed the master's report, ordered Miller to pay to the plaintiff the sum found due by the master, with interest and costs, and ordered execution to issue therefor. From the final decree Miller has appealed to this court.

Many of Miller's exceptions deal simply with matters of fact and cannot be considered because the evidence taken by the master has not been reported and is not before us. *Haskell* v. *Merrill*, 179 Mass. 120. Nor do we think that any of his other exceptions need be considered until we come to the nineteenth or last of them.

The cause of action relied on by the plaintiff is not in itself a subject of equitable jurisdiction; and the plaintiff's right to come into equity depends entirely upon the fact that the bill is

brought to reach and apply in payment of its debt property of its debtor which cannot be reached to be attached or taken on execution in an action at law. R. L. c. 159, § 3, cl. 7. Accordingly the averments of the existence of such property are jurisdictional. *Russell* v. *Milton*, 133 Mass. 180. They must be proved as they are laid. If the averments of the bill do not sufficiently show the existence of such property, the bill may be dismissed on demurrer. *Pettibone* v. *Toledo, Cincinnati, & St. Louis Railroad*, 148 Mass. 411. *Emery* v. *Bidwell*, 140 Mass. 271, 275. *Phœnix Ins. Co.* v. *Abbott*, 127 Mass. 558. If on hearing it does not appear that there is such property, the bill must be dismissed. *Bennett* v. *Sweet*, 171 Mass. 600. *Tuck* v. *Manning*, 150 Mass. 211. The objection may indeed be waived, either by filing a bond to pay the amount of any indebtedness that may be established and thus dissolving the equitable attachment, as was done in *Woodbury* v. *Sparrell Print*, 187 Mass. 426, 431, or in any other way in which a defendant may waive the objection that a plaintiff in equity has a plain, adequate and complete remedy at law. But here this ground of defence was set up in Miller's answer ; he never waived it, but endeavored to support it by offering evidence before the master ; the plaintiff, having once made the jurisdictional averments, does not appear to have offered any proof of them or to have sought in any way to proceed against the other defendants ; and the final decree is in effect merely an ordinary judgment at law.

We are of opinion that the decree appealed from must be reversed.

*So ordered.*

*H. Lougee & J. G. Robinson*, for the defendant Miller.

*H. L. Baker & M. Freiman*, for the plaintiff.