ANNIE KANA *vs.* NATHAN FISHMAN & another.

Suffolk.   April 7, 1931. — June 25, 1931.

Present: RUGG, C.J., CARROLL, WAIT, SANDERSON, & FIELD, JJ.

*Equity Pleading and Practice,* Jury issues.   *Equity Jurisdiction,* To enforce liability of insurer.   *Insurance,* Against liability.   *Evidence,* Competency, Res inter alios.   *Estoppel.*

By order of the Superior Court, eight issues for trial by jury were framed in a suit in equity under G. L. c. 175, § 113, as amended by St. 1923, c. 149, § 2, the order further providing "that such other issues be framed as may be necessary by the trial court."   *Held,* that whether any and, if any, what additional issues should be framed and submitted to the jury under such order rested in the discretion of the judge presiding at the trial of the issues which had been framed.

A policy of insurance against loss arising from claims made upon the insured on account of bodily injury suffered as the result of acci-

dents occurring on certain premises contained provisions requiring immediate notices in writing by the insured to the insurer of such claims and that if suit was brought against the insured, he should "immediately forward to the [insurance] company every summons or other process served upon" him. In a suit in equity under G. L. c. 175, § 113, as amended by St. 1923, c. 149, § 2, against the insured and the insurer, the insured was defaulted and the insurer denied liability on the ground that there had been no compliance with the above provisions. At the trial of issues framed for trial by jury, it was not disputed that at no time did the insured notify the insurer in writing that an action had been brought against him by the plaintiff and process served upon him, or send to it any summons or other process issued in such action. Certain evidence of negotiations and correspondence between the plaintiff's attorney and certain attorneys in the office of the insurer's counsel was excluded, and there was no evidence warranting a finding of authority in any one with whom the plaintiff or his attorney dealt to waive compliance by the insured with the conditions of the policy, and no evidence of any dealing by the insurer's representative with the insured. The judge refused to submit to the jury an issue, whether the defendant insurer was estopped to defend the suit "upon the technical provision of the policy relating to turning over of summons or process," and ordered the jury to answer in the negative issues, whether notice of the bringing of suit and processes in the action at law were sent to the insurer, and whether the insurer had waived the provisions of the policy requiring the insured to do so. *Held*, that

(1) By reason of lack of evidence of authority given by the insurer to any one to waive provisions of the policy, the action of the trial judge was proper;

(2) The exclusion of the evidence further was proper because any waiver to be effective must have been between the insurer and the insured, and not between the insurer and the plaintiff or his counsel.

A judge of the Superior Court, hearing the suit above described after the return of the answers to the issues tried by the jury, found as facts "that the defendant [insurer] knew of the bringing of the law action . . . soon after . . . [it] was brought; that its attorneys consulted several times with the counsel for the defendant [plaintiff?], but conferred with him chiefly in response to requests by counsel for the plaintiff; that it caused the plaintiff to be examined by a physician in its employ; that the conduct of the plaintiff or his attorney, other than the conferences above referred to, was no different than it would otherwise have been had the policy never been issued, and that the plaintiff has been put in no different position, has not lost any rights or suffered any harm by reason of any act of the defendant or it agents." He further found "that there has been no estoppel caused by the acts of the defendant or his [its?] agent that prevents it taking advantage of the failure of the insured to comply with the provisions of its policy"; and by his order a final decree was entered dismissing the bill. *Held*, that the decree properly was entered.

BILL IN EQUITY, filed in the Superior Court on February 6, 1929, under G. L. c. 175, § 113, as amended by St. 1923, c. 149, § 2, to compel the application, to a judgment recovered by the plaintiff against the defendant Fishman in the sum of $2,531.56 in an action for bodily injuries sustained by her on a common stairway on premises owned by Fishman and another, of a policy of insurance issued by the defendant New Jersey Fidelity & Plate Glass Insurance Company against loss arising from such injuries.

In the Superior Court, issues were framed for trial by a jury, and were tried before *Morton*, J. Material evidence, rulings and orders by the trial judge, and exceptions saved by the plaintiff, are stated in the opinion. After the issues were answered, the suit further was heard by *Whiting*, J. Findings by him are stated in the opinion. A final decree dismissing the bill was entered. The plaintiff alleged exceptions saved at the trial of the issues and appealed from the final decree.

*F. I. Rose*, for the plaintiff.

*R. L. Mapplebeck*, for the defendants.

WAIT, J. The plaintiff brought her bill in equity under G. L. c. 175, § 113, as amended by St. 1923, c. 149, § 2, which authorizes a judgment creditor who has suffered loss or damage on account of bodily injury or of damage to property, to compel the application to the judgment of insurance money due to the judgment debtor if, at the accrual of the cause of action, the debtor was insured against liability for such loss. She had recovered judgment against the defendant Fishman for injury received in January, 1927, and sought to compel payment out of insurance claimed to be due to Fishman from the defendant New Jersey Fidelity & Plate Glass Insurance Company, which had issued a policy insuring Fishman against loss arising from accident on the premises where the plaintiff was hurt. The bill was taken as confessed against Fishman, who defaulted. The insurance company admitted that the policy had issued and was in force in January, 1927; but denied liability to Fishman or the plaintiff. It set up that the policy required as conditions of liability that the assured, on the occurrence of an accident

covered by the policy, should "give immediate written notice thereof with the fullest information obtainable at the time, to the company at its home office at Newark, New Jersey or to one of its duly authorized agents"; should give like notice of any claim made on account of such accident; and if, thereafter, suit was brought against him, "shall immediately forward to the company every summons or other process served upon the assured"; and that these conditions had not been complied with.

On motion eight issues were framed for a jury. The cause is before us upon exceptions claimed at the trial to the jury, and an appeal from a final decree dismissing the bill with costs. At the jury trial the plaintiff claimed exception to the denial of her motion that two additional issues be framed. The original order framing the issues provided "that such other issues be framed as may be necessary by the trial court." Whether any and, if any, what additional issues should be framed and submitted to the jury under this order rested in the discretion of the trial judge. No abuse of discretion in denying the motion appears. *Bolton* v. *Van Heusen*, 249 Mass. 503, 506.

There is no dispute that at no time did the assured notify the insurer in writing that suit had been brought by the plaintiff or send to it any summons or other process issued in that action. The plaintiff's writ against Fishman was dated May 19, 1927. It was served on June 1, and was entered in July, 1927. Fishman gave the summons to an attorney, Applebaum; filed a petition in bankruptcy; and troubled himself no more about it. He was defaulted for failure to answer interrogatories on October 4, 1928; damages were assessed January 7, 1929; judgment entered on January 28, and execution issued January 29, 1929. This bill was filed on February 6, 1929. He first learned of the accident some days after May 12, 1927, from a letter, dated May 12, 1927, sent to him by the plaintiff's attorney, and about May 24, 1927, sent notice in writing to Thomas J. Nolan Co., the insurer's agent at Boston. The letter of May 12 was transmitted to the office of the counsel of the insurer at Boston; and, in June, counsel for the plaintiff consulted

with an attorney in that office who had been instructed to investigate. This attorney testified that he did not represent the insurer, but did whatever he was instructed to do by his superiors in the office. He saw the plaintiff; at some time had her examined physically by a physician; and from time to time conversed with her attorney; but had no dealings with the assured. There was no evidence of authority in him to waive compliance with the conditions of the policy. On May 25, 1927, the office of the insurer's counsel at Boston notified the assured that investigation would be made upon the understanding that in so doing there was no waiver of the assured's breach of the condition to give immediate written notice of the happening of the accident, and of the right to disclaim liability for that reason. On February 21, 1929, that office notified the assured that since he had not notified the insurer of the bringing of suit, and on account of his neglect to send the summonses, the insurer disclaimed liability.

The failure so to notify and to send were breaches of conditions which relieved the insurer of liability under the policy, unless waived, *Boston Elevated Railway* v. *Maryland Casualty Co.* 232 Mass. 246, 251, and cases cited; or unless, as the plaintiff contends, knowledge of the situation obtained from the plaintiff and her attorney and the transaction with the latter satisfied the conditions of the policy or constituted estoppel or waiver. It has been decided that the effect of G. L. c. 175, §§ 112 and 113, as amended, is to relieve the assured of the necessity of satisfying the judgment recovered against him, before being able to recover against the insurer upon a policy insuring against the loss established by the judgment, and to enable the judgment creditor to secure the application of the insurance money upon his judgment without such proof. *Lorando* v. *Gethro*, 228 Mass. 181. *McMahon* v. *Pearlman*, 242 Mass. 367. *Lunt* v. *Aetna Life Ins. Co.* 253 Mass. 610. See *Daly* v. *Employers Liability Assurance Corp. Ltd.* 269 Mass. 1. The liability is not affected otherwise, and if, for other reasons, the assured cannot collect, the judgment creditor is in no better state. As was said in *Lorando* v. *Gethro*, 228

Mass. 181, 185, "Whatever conditions are imposed by that contract, whether as to written notice by the insured to the insurer of any accident and claim, the delivery to the insurer of summons in case of action instituted, as to time of bringing action on the policy, or otherwise, are left in full force . . . ."

It is to be observed that the provisions applicable to liability upon policies of motor vehicle insurance under St. 1928, c. 381, § 5, amending St. 1925, c. 346, § 4 (4), are of wider scope; for by (5) of that section the policy must provide that "no violation of the terms of the policy and no act or default of the insured, either prior or subsequent to the issue of the policy, shall operate to defeat or avoid the policy so as to bar recovery within the limit provided in the policy by a judgment creditor proceeding under the provisions of said section one hundred and thirteen [of G. L. c. 175] and clause (10) of section three of chapter two hundred and fourteen." *Warecki* v. *United States Fidelity & Guaranty Co.* 270 Mass. 233, 237. *Vance* v. *Burke,* 267 Mass. 394. *Lundblad* v. *New Amsterdam Casualty Co.* 265 Mass. 158. The express language of the statutes of 1925 and 1928 implies that § 113, under which the plaintiff here is proceeding, was not understood by the Legislature to secure a judgment creditor against defaults by the assured other than as therein specifically set out. It follows from what has been stated that there was no reversible error in refusing to submit to the jury issues with regard to whether notice of the bringing of suit and processes in the action at law were sent to the insurer. The first was immaterial, if the other breach existed. The latter breach is not denied. And, because there was no sufficient evidence of authority in any one with whom the plaintiff dealt to waive compliance by the assured with the conditions of the policy, and no evidence of any dealing with the assured, there was no error in refusing to submit an issue of waiver to the jury. The exceptions based upon this action of the trial judge must be overruled.

The plaintiff waives the exceptions claimed to refusals to give instructions requested at the jury trial. She insists,

however, upon certain exceptions with reference to rulings upon evidence. Several may be discussed together. In the examination of witnesses Moskow and Smith, attorneys in the office of the insurer's counsel, evidence was excluded which was covered by the plaintiff's offer to show that her counsel "talked with Moskow and Smith about investigation and settlement of the claim; that neither one of them told him anything about the disclaimer or reservation of rights; that Moskow told him he [Moskow] could settle the case two years later when the case was on the trial list; that in the conversation he had with Smith, he informed Smith that Fishman had come in the day after he had given the writ to the sheriff, and that he had directed. an attachment of real estate to be made; that Smith replied, 'Well, you can remove that, because the property is covered O.K.'; that the witness then said he would remove the attachment any time they wanted him to." The exclusions were right, as no evidence was introduced of authority of either Smith or Moskow to bind the insurer by action or statement. Moreover, any waiver to be effective must have been between the insurer and the assured. There was no evidence to connect the assured with what was said or done. Dealings with the plaintiff or her counsel were *res inter alios* with reference to liability of the insurer to the assured. *Rollins* v. *Bay View Auto Parts Co.* 239 Mass. 414, 421. The letters sent by the plaintiff's counsel to the defendant company and Moskow in July and August of 1927 and 1928, receipt of which was admitted, were properly excluded as self-serving statements. As already stated negotiations between the plaintiff's counsel and the defendant, and not connected with the assured, were immaterial. The question whether one of the letters was ever returned by the post office was immaterial. We find no abuse of discretion in admitting the questions put to Fishman on cross-examination.

The judge sitting in equity at the hearing after the jury issues were answered found as facts "that the defendant knew of the bringing of the law action referred to in paragraph numbered 3 of the bill of complaint soon after this

action was brought; that its attorneys consulted several times with the counsel for the defendant [plaintiff?], but conferred with him chiefly in response to requests by counsel for the plaintiff; that it caused the plaintiff to be examined by a physician in its employ; that the conduct of the plaintiff or his attorney, other than the conferences above referred to, was no different than it would otherwise have been had the policy never been issued, and that the plaintiff has been put in no different position, has not lost any rights or suffered any harm by reason of any act of the defendant or its agents. I find that there has been no estoppel caused by the acts of the defendant or his [its?] agent that prevents it taking advantage of the failure of the assured to comply with the provisions of its policy." These findings taken with the present admission that no summons or processes were sent by the assured to the insurer, and the answer of the jury by direction that no waiver existed, fully justify the decree dismissing the bill with costs.

*Exceptions overruled.*
*Decree affirmed with costs.*