MARY E. BYRNE *vs.* RODRIGUE L. GENDREAU.

Suffolk.    April 5, 1932. — April 7, 1932.

Present: RUGG, C.J., CROSBY, WAIT, SANDERSON, & DONAHUE, JJ.

*Equity Jurisdiction,* Equitable replevin. *Replevin. Equity Pleading and Practice,* Decree; Appeal: brief before Supreme Judicial Court.

Upon facts, found by a master in a suit in equity by a woman for equitable replevin of an automobile, and upon a justifiable conclusion drawn from such facts by a trial judge, it appeared that, at a time when the defendant was engaged to be married to the plaintiff, the automobile was bought, in part with money furnished by the defendant, in lieu of an engagement ring from the defendant to the plaintiff, and title, insurance and registration were taken in her name; that the defendant was permitted by the plaintiff to retain possession of the automobile, the two using it at times together; that subsequently the defendant married another woman and asked the plaintiff to turn the automobile over to him; that the plaintiff refused and brought the suit; that thereafter a brother of the defendant asserted a groundless lien upon the automobile, and the defendant's father at his suggestion brought a groundless and frivolous action against the plaintiff and the defendant for service in its care and custody and, upon a writ issuing therein, a deputy sheriff took possession of the automobile; and that there had been no secreting of it and no lack of opportunity to the plaintiff to replevy it in an action at law. A final decree was entered to the effect that the plaintiff was the sole owner of the

automobile, and the defendant was ordered to return the same within ten days from the entry of the decree and to pay the costs. The defendant appealed. *Held*, that

(1) As between the plaintiff and the defendant, it was the defendant's duty to return the automobile to the plaintiff, and, in the circumstances and for that purpose he could be required in effect to secure rightful possession of the automobile from the deputy sheriff;

(2) Although the facts found did not support the allegations of the bill requiring the peculiar relief afforded by a suit for equitable replevin, the final decree was warranted, it being the common practice in this Commonwealth in such circumstances to proceed to final adjudication of the rights of the parties.

Requests for rulings of law, printed only in a brief of a party before this court on an appeal from a final decree in equity, are no part of the record.

BILL IN EQUITY, filed in the Superior Court on July 2, 1931, seeking equitable replevin of an automobile alleged to be the property of the plaintiff and to be so secreted or withheld by the defendant that the plaintiff had been unable to repossess it or have it replevied at law.

The suit was referred to a master. Besides the facts stated in the opinion, the master found the following:

"No question of the ownership of the automobile by the plaintiff was raised until October, 1930. Up to the present time, the car has remained in the possession and control of the defendant, who has enjoyed its use for pleasure and business, and has driven the automobile a distance of forty-two thousand miles. A considerable proportion of this mileage has been enjoyed by the plaintiff in company with the defendant.

"In October, 1930, defendant told plaintiff that he had married another woman, and told plaintiff that he had told his wife that the car belonged to him. He then asked plaintiff to turn car over to him. The plaintiff did not acquiesce, and demanded that the car be turned over to her. At the request of the defendant, she allowed the question to stand until 1931. . . .

"I find that there has been no secretion of the automobile by the defendant, and no lack of opportunity to the plaintiff to replevy said automobile at law. . . .

"With the exception . . . [of the possession taken by

the deputy sheriff as described in the opinion] I find that the defendant has retained possession of the said automobile up to the bringing of this action, by the consent and suffrance of the plaintiff, and that the plaintiff is entitled to no damages for the loss of use of said automobile."

The suit was heard in the Superior Court on the master's report by *W. A. Burns*, J., who made the conclusion of fact stated in the opinion, and by whose order an interlocutory decree confirming the master's report and the final decree described in the opinion were entered. The defendant appealed.

The case was submitted on briefs.

*N. Peikes*, for the defendant.

*W. A. Thurman*, for the plaintiff.

RUGG, C.J. This is a suit in equity whereby the plaintiff seeks equitable replevin of an automobile alleged to belong to her and to be detained against her right by the defendant. No demurrer was filed to the bill but the defendant answered to the merits. Every essential allegation in the bill of complaint was denied in the answer which also set up title in the defendant. The case was referred to a master. As the evidence is not reported the findings of the master must be accepted as true since they are not mutually inconsistent. Thus it appears that the plaintiff is the sole owner of the automobile and that the defendant detains it from her without right. It was bought in part with money of the plaintiff and in part with money furnished by the defendant. The two were at that time engaged to be married, and, the defendant not having given the plaintiff an engagement ring, the automobile was purchased in lieu thereof so far as concerned the defendant. Title was taken in the name of the plaintiff, and all insurance policies were issued in her name. A brother of the defendant asserted a lien on the automobile which the master found to be groundless. It was also found by the master, so far as material, that subsequently to the bringing of the present suit the automobile had been attached in an action brought by the father of the defendant against the plaintiff and defendant whereby there was claimed

service for the care and custody of the automobile, and that the automobile is legally in the possession of a deputy sheriff. The attorney for the defendant in the case at bar was also the attorney for the plaintiff in that action. At the hearing on the master's report the trial judge on the facts reported by the master and the inferences drawn therefrom found that the action brought by the defendant's father was groundless and frivolous and was instituted at the suggestion of the defendant. A final decree was entered to the effect that the plaintiff is the sole owner of the automobile; the defendant was ordered to return the same within ten days from the entry of the decree and pay the costs. The defendant's appeal brings the case here.

The finding of the master establishes every essential fact in favor of the plaintiff. The inference drawn by the trial judge as to the nature of the action in which the automobile was held under attachment was justified. As between the plaintiff and the defendant it is the duty of the latter to return the automobile to its owner. To that end in the circumstances here disclosed he could be required in effect to secure rightful possession of the automobile.

Although the facts ultimately found did not support the allegations of the bill requiring the peculiar relief afforded by equity, it is the common practice in this Commonwealth to proceed to final adjudication of the rights of the parties. *Newburyport Institution for Savings* v. *Puffer*, 201 Mass. 41, 47. That principle is especially applicable on the facts here found to a suit like the present. *United Shoe Machinery Co.* v. *Holt*, 185 Mass. 97. The case at bar is clearly distinguishable from *Hoshor-Platt Co.* v. *Miller*, 190 Mass. 285.

The defendant has printed in his brief what purport to be requests for rulings of law. They are not in the record and ordinarily would be no part of an equity appeal.

*Decree affirmed with costs.*