WESTFIELD SAVINGS BANK *vs.* FRANCIS J. LEAHEY & others.

SAME *vs.* THOMAS L. LEAHEY & others.

Hampden.    May 20, 1935. — July 15, 1935.

Present: RUGG, C.J., PIERCE, FIELD, LUMMUS, & QUA, JJ.

*Equity Pleading and Practice,* Answer, Decree. *Equity Jurisdiction,* To reach and apply equitable assets, Retention of suit to do complete justice among the parties. *Res Judicata.*

Under Rule 29 of the Superior Court (1932), a defendant's answer to allegations in a bill in equity, that he "neither admits nor denies the allegations . . . but leaves the plaintiff to prove the same," though in effect a refusal to answer, does not admit the facts alleged.

It was within the discretion of a court of equity to dismiss generally a bill to reach and apply equitable assets after a finding by a jury that the principal defendant had no interest in such assets, even if want of equity jurisdiction was waived and irrespective of whether the jury's negative answer on the issue whether that defendant owed the plaintiff a specified amount meant that there was no indebtedness at all or meant that there was an indebtedness, but not in that amount; and in such circumstances, though the dismissal of the bill was not stated in the decree to be "without prejudice," the plaintiff would not be precluded from contending in an action at law that there was an indebtedness in some amount.

No affirmative relief can be decreed to a defendant in a suit in equity in the Superior Court unless counterclaimed as provided by Rule 32 of the Superior Court (1932).

TWO BILLS IN EQUITY, filed in the Superior Court on March 7, 1934.

The pleadings and proceedings are described in the opinion. By order of *Broadhurst,* J., final decrees were entered dismissing the bills and granting certain defendants relief, as described in the opinion. The plaintiff appealed.

*H. B. Putnam & W. G. Brownson,* for the plaintiff, submitted a brief.

*G. L. Burke,* (*H. Jekanowski* with him,) for the defendants.

LUMMUS, J. The first of these cases is a bill, based upon alleged indebtedness resulting from a guaranty by Francis J. Leahey and Thomas L. Leahey of a mortgage debt, to reach and apply a deposit in the plaintiff bank which until 1931 stood in the name of the defendant Francis J. Leahey, but which in 1931 was transferred into the names of Francis J. Leahey and Robena S. Leahey "subject to withdrawal of whole or part, by either or the survivor of either [*sic*]." Robena S. Leahey answered the allegation of the bill that she "has no substantial ownership, if any" in the deposit, by asserting "that she had deposited funds of her own upon the said book or deposit." Nothing was done to require her to answer more definitely, or to take advantage of her failure to do so. Francis J. Leahey admitted making the contract of guaranty, but to the allegation that he owed a balance of $8,247.98 thereunder he answered that he "neither admits nor denies the allegations . . . but leaves the plaintiff to prove the same." This pretended answer was in substance a refusal to answer, and was a flagrant violation of Rule 29 of the Superior Court (1932). Under that rule, although the pretended answer did not constitute an admission of the fact alleged in the bill (as it would have done under our Equity Rules 6 and 23 [1926], 252 Mass. 602, 606, *Calnan* v. *Guaranty Security Corp.* 271 Mass. 533, 541), the plaintiff could have moved that the allegation be taken for confessed for want of sufficient answer. Nothing of the sort was done.

The second of these cases is a bill, based upon the same alleged indebtedness, to reach and apply two deposits in the plaintiff bank, originally in the name of Thomas L. Leahey, but transferred in 1932 into the names of Thomas L. Leahey and Grace M. Leahey "subject to withdrawal of whole or part, by either or the survivor of either [*sic*]." Grace M.

Leahey answered that she owned the deposits. Thomas L. Leahey denied liability.

Issues framed in the two cases were tried together to a jury. The jury found upon the third issue that Robena S. Leahey and Grace M. Leahey severally owned the deposits to which their names had been added in 1931 and 1932 respectively. That finding destroyed any equitable feature in these cases, and required decrees dismissing the bills, leaving the plaintiff to pursue at law any rights that might remain to it (*Hoshor-Platt Co.* v. *Miller*, 190 Mass. 285; *Hale* v. *Bowler*, 215 Mass. 354, 357; *William J. McCarthy Co.* v. *Rendle*, 222 Mass. 405, 407), unless there has been a waiver of the want of equity jurisdiction, permitting decrees against the principal debtors. *White Sewing Machine Co.* v. *Morrison*, 232 Mass. 387. *Reynolds* v. *Grow*, 265 Mass. 578. *Byrne* v. *Gendreau*, 279 Mass. 77. *Adams* v. *Silverman*, 280 Mass. 23. The omission from the decrees of the words "without prejudice" would not preclude proof that the decrees were based upon the want of equitable jurisdiction rather than the nonexistence of a debt. *Coyle* v. *Taunton Safe Deposit & Trust Co.* 216 Mass. 156. *Wight* v. *Wight*, 272 Mass. 154.

The jury found in each case that the male defendant entered into the contract of guaranty. The only other issue which was framed relating to liability was substantially the same in each case, except for the name of the alleged debtor, and asked the jury whether Francis J. Leahey (or, in the second case, Thomas L. Leahey) owes the plaintiff "the alleged balance of . . . $8247.98 . . . together with interest thereon from February 10, 1934, as alleged by the plaintiff." The jury answered "No" in each case to this, the second issue.

In this Commonwealth, answers of a jury upon issues framed in an equity suit are decisive, and not merely advisory. *Crocker* v. *Crocker*, 188 Mass. 16, 18–20. *Witherington* v. *Eldredge*, 264 Mass. 166, 172. *Todd* v. *Pearce*, *ante*, 455. Questions not submitted to the jury remain for determination by a master or the judge. *Dudley* v. *Dudley*, 176 Mass. 34, 37, 38. *Clark* v. *Roberts*, 206 Mass. 235, 239. *Owen Tire Co.* v. *National Tire & Rubber Co.*

242 Mass. 375, 378. *Kana* v. *Fishman,* 276 Mass. 206. The plaintiff contends that by their answer to this issue the jury found merely that the full amount claimed was not due, but that the jury made no finding as to any lesser amount. Nothing in the record, however, shows that the amount was in dispute, if liability existed at all, or that the Superior Court, in submitting this issue to the jury, understood that it was submitting only a fragment of the controversy. If at the jury trial it had appeared that the issue framed was inadequate, it could have been reframed and other issues could have been added. *Luce* v. *Parsons,* 192 Mass. 8. *Preston* v. *West's Beach Corp.* 195 Mass. 482, 495. *Pappathanos* v. *Coakley,* 263 Mass. 401. *Kana* v. *Fishman,* 276 Mass. 206, 209.

But this case does not require us to determine the effect as an adjudication of the decrees dismissing the bills. If the answer to the second issue in each case determined the nonexistence of the debt, the decrees were right. If it did not, even if the want of equity jurisdiction was waived so as to permit decrees against the debtors only, the decrees were still right, for the trial court had discretion to remit the plaintiff to its remedies at law. *Newburyport Institution for Savings* v. *Puffer,* 201 Mass. 41, 48. Compare *E. Kronman, Inc.* v. *Bunn Bros. Inc.* 258 Mass. 562; *Brockton Olympia Realty Co.* v. *Lee,* 266 Mass. 550, 562, 563. In either alternative there was no error.

In each case, however, the final decree was erroneous in proceeding to order the plaintiff bank to pay the amount of the deposit or deposits in question to the female defendant in such case. In neither case did her answer contain any counterclaim "described clearly as by way of counterclaim," such as is required by Rule 32 of the Superior Court (1932). In the absence of counterclaim, no affirmative relief can be given to a defendant. *Les* v. *Alibozek,* 269 Mass. 153, 160. *Colella* v. *Essex County Acceptance Corp.* 288 Mass. 221, 229.

In each case, the rescript will provide that if the Superior Court shall find that the right of the female defendant to recover the deposit or deposits was fully and fairly tried

(*Blume* v. *Oil-O-Chron, Inc.* 287 Mass. 52; *Bucholz* v. *Green Bros. Co.* 290 Mass. 350), and shall allow her to insert by amendment a proper counterclaim in her answer, within thirty days after rescript, then the final decree is to be affirmed with costs; otherwise the final decree is to be reversed, and a new final decree is to be entered, simply dismissing the bill with costs. *Weinstein* v. *Miller*, 249 Mass. 516, 522. *Luciano* v. *Caldarone*, 255 Mass. 270. *Les* v. *Alibozek*, 269 Mass. 153, 160. *Gagnon* v. *Ainsworth*, 283 Mass. 488, 491.

*Ordered accordingly.*