Kottmyer, J.
FINDINGS OF FACT
Plaintiff Carol A. Gladstone, as trustee of the C.A.G. Family Trust (“the Middlesex Trust”), filed this action seeking a declaration that the Trust continued to exist *266 and was therefore not reachable by a creditor of one of the Trust beneficiaries, Jay Gladstone. That creditor is the defendant, Commercial Services of Perry, Inc.
Plaintiff claimed a right to a jury trial, to which defendant did not object. This action was tried to a jury on October 19-20, 1998. After empanelling the jury, the Court stated its view that plaintiff did not have a right to a jury trial. Both parties stated that they disagreed, that they believed that they had a right to have the issues determined by a jury and the Court thereafter submitted the case to the jury notwithstanding its continued view that there was no right to a jury trial.
Neither parly filed a motion to frame jury issues pursuant to Mass.R.Civ.P. 39(c). Both parties submitted proposed special questions for the jury per the Court’s request. Taking the proposed questions into consideration, the Court framed and submitted to the jury special questions.[2] The defendant continued to state throughout the trial that the parties were entitled to have the case decided by the jury. Defendant did, however, object to one of the questions submitted to the jury.[3]
In response to the special questions, the jury found that Carol A. Gladstone had created two separate trusts named the C.A.G. Family Trust. The jury also found that on or before April 28, 1991, plaintiff determined that the Middlesex Trust should continue in existence for the reason that her daughter, Sandra Gladstone, was incapacitated, that plaintiff did not abuse her discretion in so determining and that it was necessary and beneficial for Sandra Gladstone to have the use of the Middlesex Trust property. The jury further concluded that plaintiff did not abuse her discretion when she continued the Middlesex Trust in existence until January 26, 1995, for the reason that maintenance of the Middlesex Trust was required for the benefit of Sandra Gladstone.
Now that the jury has found in plaintiffs favor, defendant argues that the Court is not bound by the jury’s answers to the special questions.
RULINGS OF LAW
Although there is no right to a jury trial of equitable claims, judges have discretion to submit to the jury equitable issues. See Service Publications, Inc. v. Goverman, 396 Mass. 567, 578 (1986) (G.L.c. 93A claim tried to jury although plaintiff had no right to jury trial); Hatton v. Meade, 23 Mass.App.Ct. 356, 361 (1987). Where cases include both jury and nonjury claims, the judge can choose between letting the jury find facts for both claims, reserving to herself all aspects of the statutory claim, or asking the jury for a non-binding advisory verdict on the statutory claim. See International Totalizing Systems, Inc. v. Pepsico, Inc., 29 Mass.App.Ct. 424, 434 (1990).
A jury’s answers to special questions in an equily action are binding when the issues have been framed pursuant to Mass.R.Civ.P. 39(c).[4] Westfield Savings Bank v. Leahey, 291 Mass. 473, 475 (1935). When parties do not file a motion to frame jury issues under Mass.R.Civ.P. 39(c), but they agree to try the case to a jury on issues framed in special questions, the Court may treat the jury verdicts as binding. See Delaney v. Chief of Police of Wareham, 27 Mass.App.Ct. 398, 401-02 (1989).[5] In Delaney, the Court noted:
[T]he case was tried to the jury on the issues framed in the special questions with the parties’ assent. In this respect, the parties should be bound by the procedure because at no point did they object to it. Id. at 402. (Emphasis added.)
In this case, the parties agreed to have the jury decide the facts of this case on issues framed in special questions. The fact that the issues were not framed in special questions pursuant to a motion under Mass.R.Civ.P. 39(c) does not preclude the verdict from being binding.[6] Neither party requested that the jury’s verdict be given only advisory effect. Neither the parties nor the Court expected or intended that the jury’s verdict would be advisory. The defendants’ objection to one of the special jury questions does not alter the fact that it requested that the case be submitted to the jury after the Court stated that there was no right to a jury trial. In effect, defendant seeks the proverbial “two bites at the apple.” Accordingly, the Court rules that the jury’s responses to the special questions are binding.
ORDER
For the foregoing reasons, judgment shall enter in favor of plaintiff as follows: It is hereby DECLARED and ADJUDGED that the Carol A. Gladstone Family Trust recorded in Middlesex County at Book 2137, page 141 continued to exist until January 26, 1995.

 The jury answered the following special jury questions as follows:
1. Did Carol A. Gladstone create one trust named the C.A.G. Family Trust or did she create two separate trusts by that name?
One trust_Two trusts x
If your answer is “one trust,” proceed to Question No 2. If your answer is “two trusts,” answer Question No. 3.
2. If there was one trust, did it terminate on December 11, 1978?
_Yes _No
If your answer to Question No. 2 is “yes,” proceed to the end of the verdict. If your answer to question No. 2 is “no,” answer question No. 3.
3. On or before April 28, 1991, did Carol A. Gladstone as trustee determine that the trust should continue in existence for the reason that Sandra Gladstone was incapacitated and it was necessary and beneficial for Sandra Gladstone to have the use of the trust property?
x Yes _No
If your answer to Question No. 3 is “no,” proceed to the end of the verdict. If your answer to Question No. 3 is “yes,” answer question No. 4.
*267 4. Was Carol A. Gladstone’s determination on or before April 28, 1991, that Sandra Gladstone was incapacitated and that it was necessary and beneficial for Sandra Gladstone to have the use of the trust property an abuse of her discretion as trustee?
_Yes x No
If your answer to Question No. 4 is “yes,” proceed to the end of the verdict. If your answer to Question No. 3 is “no,” answer question No. 5.
5. Did Carol A. Gladstone as trustee exercise her discretion to continue the trust in existence until January 26, 1995, for the reason that maintenance of the trust was required for the benefit of Sandra Gladstone?
x Yes _No
If your answer to Question No. 5 is “no,” proceed to the end of the verdict. If your answer to Question No. 5 is “yes,” answer question No. 6.
6. Did Carol A. Gladstone abuse her discretion as trustee when she continued the trust until January 26, 1995 for the reason that maintenance of the trust was required for the benefit of Sandra Gladstone?
_Yes _x_ No

 On the grounds that it was a legal rather than factual question, the defendant objected to asking the jury whether Carol A. Gladstone created one or two trusts. In the circumstances of this case, the number of trusts created was a factual question. In any event, the Court agreed with and, if it were deciding the matter would adopt, the jury’s finding that plaintiff proved by a preponderance of the evidence that she created two separate trusts named the C.A.G. Family Trust and that termination of the trust recorded in Salem had no effect on the continued existence of the Middlesex Trust.

 Mass.RCiv.P. 39(c) reads: “Framing Jury Issues. In all actions not triable of right by a jury, the court, except where otherwise provided by law, may upon motion frame issues of fact to be tried by a jury.”

 The Appeals Court noted that the role of the “advisory" jury was unclear at the trial of the Delaney case. 27 Mass.App.Ct. at 403. The judge issued a document entitled “Findings, Rulings and Orders” vacating the jury’s answers to questions regarding nonjury claims. Due to the parties’ failure to object to the submission of questions to the jury on nonjury claims, the Court of Appeals evaluated the judge’s vacation of the jury’s verdict as if defendants had filed and prevailed on a motion for judgment notwithstanding the verdict under Mass.R.Civ.P. 50(b).

 Defendant’s reliance on Delaney is misplaced. In Delaney, there was no Rule 39(c) motion.